UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DOMINIQUE DARNELL ROBINSON,**
        Petitioner,

      v.                                        Case No. 12-C-0509

**MICHAEL MEISNER, Warden,**
**Columbia Correctional Institution,**
        Respondent.

## DECISION AND ORDER

Dominique Darnell Robinson has filed a habeas petition under 28 U.S.C. § 2254. He challenges his state-court conviction of first-degree recklessly endangering safety while armed. See Wis. Stat. §§ 941.30(1) & 939.63(1)(b). For the reasons explained below, his petition will be denied.

### I. BACKGROUND

The following facts regarding the underlying crime are derived form the opinion of the Wisconsin Court of Appeals in Robinson's direct appeal. On November 24, 2005, Anthony Givings and Theodore Givings were sitting in their car, expecting Robinson to arrive and sell them marijuana. When he arrived, Robinson entered the car and sat in the back seat, behind the driver's side. Robinson produced a pistol and demanded that Anthony and Theodore hand over their belongings. Anthony grabbed his own pistol, which he kept next to his seat, and attempted to flee. Robinson shot Anthony in the back as Anthony exited the vehicle through the passenger side door. After being shot, Anthony ran from the vehicle down the street. Meanwhile, Robinson pointed the gun at Theodore and

instructed him to drive away. After Robinson and Theodore had left the scene, Anthony shot himself in the head with his own pistol. Anthony was pronounced dead at the scene.

In an information, the State of Wisconsin charged Robinson with five crimes, the only one relevant to this case being first-degree reckless homicide while armed. See Wis. Stat. §§ 940.02(1) & 939.63(1)(b). At trial, the state attempted to prove that Robinson's shooting Anthony as he exited the vehicle caused Anthony's death. Robinson, however, claimed that it was Anthony's shooting himself in the head that caused his death. At the jury-instruction conference, the prosecutor asked the trial judge to submit an instruction on first-degree recklessly endangering safety while armed as a lesser-included offense. Robinson's attorney objected to this instruction on the ground that first-degree recklessly endangering safety was not a lesser-included offense of first-degree reckless homicide. See Answer to Habeas Pet., Ex. at 1389–91. The trial court determined that first-degree recklessly endangering safety was a lesser-included offense of first-degree reckless homicide and decided to give the instruction. The jury found Robinson guilty of recklessly endangering safety rather than reckless homicide.

## II. DISCUSSION

Robinson contends that instructing the jury on first-degree recklessly endangering safety resulted in a deprivation of his constitutional right to notice of the charges against him.[1] See Cole v. Arkansas, 333 U.S. 196, 201 (1948); Kaczmarek v. Rednour, 627 F.3d

---

[1] In his petition, Robinson also alleged that his trial counsel was ineffective in failing to object to the instruction on recklessly endangering safety on the ground that it was not a lesser-included offense of first-degree reckless homicide. However, Robinson does not pursue this issue in his brief, and so I assume he has abandoned it. In any event, he would not be entitled to habeas relief on this issue because, as already noted, his trial counsel did object to the instruction on the ground that it was not a lesser-included offense.

586, 596 (7th Cir. 2010). The Wisconsin Court of Appeals decided this issue on the merits, and thus I may grant habeas relief only if the Wisconsin Court of Appeals's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

The Wisconsin Court of Appeals's reasoning involved two steps. First, the court determined that, as a matter of state law, first-degree recklessly endangering safety was a lesser-included offense of first-degree reckless homicide. Second, the court cited cases stating that when a defendant is charged with a crime he is automatically put on notice that he is subject to conviction of any lesser-included offenses. The court concluded that, for these reasons, the information's charging Robinson with first-degree reckless homicide put him on notice that he was subject to being convicted of first-degree recklessly endangering safety.

As I read Robinson's brief, Robinson does not take issue with the second step in the court's reasoning—he does not seem to dispute that when a defendant is charged with an offense he is automatically put on notice that he is subject to conviction of any lesser-included offenses.[2] Rather, Robinson challenges the first step in the court's

---

See Answer to Habeas Pet., Ex. at 1389–91.

[2] To the extent that Robinson does mean to challenge the court's application of the rule that notice of the greater offense constitutes automatic notice of the lesser offense, I conclude that the Wisconsin Court of Appeals's determination on this question was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law. I am aware of no federal case that casts doubt on this rule. To the contrary, all of the federal cases that the parties have cited and that I have found indicate that the rule is sound. See Rashad v. Lafler, 675 F.3d 564, 569 (6th Cir. 2012); Seymour v. Walker, 224 F.3d 542, 558 (6th Cir. 2000); United States v. Motley, 940 F.2d 1079, 1082–83 (7th Cir. 1991); Fransaw v. Lynaugh, 810 F.2d 518, 529 (5th Cir. 1987); Mildwoff v. Cunningham, 432 F. Supp. 814, 817 (S.D.N.Y. 1977).

3

reasoning—i.e., the conclusion that first-degree recklessly endangering safety is a lesser-included offense of first-degree reckless homicide.

Initially, I note that it is arguable that the question of whether first-degree recklessly endangering safety is a lesser-included offense of first-degree reckless homicide is not reviewable in a habeas case. This is so because whether an offense is a lesser-included offense is generally a matter of state law rather than federal law, Richie v. Workman, 599 F.3d 1131, 1136 (2010), and errors of state law are not cognizable on federal habeas review, Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004). However, as the question arises in this case, it implicates a federal right: unless first-degree recklessly endangering safety is a lesser-included offense of first-degree reckless homicide, Robinson would have been denied his federal right to notice of the charges against him. Moreover, although Wisconsin is free to define lesser-included offenses however it likes for purposes of state law, the Supreme Court has suggested that certain approaches to defining lesser-included offenses could result in a defendant's being deprived of his federal right to notice. See Schmuck v. United States, 489 U.S. 705, 717–18 (1989) (stating that under the "inherent relationship" approach to lesser-included offenses, an indictment might not provide the defendant with the constitutionally required notice of lesser-included offenses). Thus, it is probably the case that the issue of whether first-degree recklessly endangering safety is a lesser-included offense of first-degree reckless homicide presents a federal question. Strictly speaking, the question is not whether the former is a lesser-included offense of the latter for all purposes, but whether it is for the purpose of determining whether Robinson received the constitutionally required notice of the charges he would be subject to conviction of at trial.

4

Case 2:12-cv-00509-LA   Filed 06/27/13   Page 4 of 6   Document 22

In any event, whether or not the question is reviewable in this case, the answer is clear: first-degree recklessly endangering safety is a lesser-included offense of first-degree reckless homicide. Robinson contends that it is not because it does not satisfy the "elements" test for identifying lesser-included offenses, as described by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Under this test, an offense is a lesser-included one if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the greater offense. See United States v. Boyles, 57 F.3d 535, 544 (7th Cir. 1995). Here, the elements of first-degree reckless homicide and first-degree recklessly endangering safety are identical except for one difference: the homicide charge requires proof that the defendant caused the death of the victim while the endangering-safety charge requires proof that the defendant endangered the safety of the victim. Robinson contends that causing death and endangering safety are two entirely different elements, and that therefore recklessly endangering safety cannot be a lesser-included offense of reckless homicide. However, Robinson is taking the elements test too literally. In applying this test, a court does not simply ask whether the elements of each crime are described differently. Rather, a court asks whether it would be possible to prove all the elements of the greater crime without also proving all the elements of the lesser one. See United States v. McCullogh, 348 F.3d 620, 624–25 (7th Cir. 2003). With respect to the elements at issue here—causing death and endangering safety—it is clear that proof of the former would invariably result in proof of the latter. As the Wisconsin Court of Appeals recognized, it would be "utterly impossible" to cause the death of a person without first endangering that person's safety. State v. Robinson, No. 2009 AP 1134-CR, 2010 WL 4632986, at *2 (Wis. Ct. App. Nov.

5

16, 2010); see also Hawthorne v. State, 99 Wis. 2d 673, 682 (1981) (concluding that endangering safety is a lesser-included offense of attempted first-degree murder). Thus, the Wisconsin Court of Appeals reasonably concluded that first-degree recklessly endangering safety was a lesser-included offense of first-degree reckless homicide for purposes of determining whether Robinson received the constitutionally required notice of the charges against him.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Robinson's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge
